RULE 900. SCOPE; NOTICE IN DEATH PENALTY CASES.

(A) The rules in Chapter 9 apply to capital and noncapital cases under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, as amended by Act 1995-32 (SS1).

(B) Notice in Death Penalty Cases

In all death penalty cases upon the Supreme Court's affirmance of the judgment of a death sentence, the Prothonotary shall include in the mailing required by Pa.R.A.P. 2521 (Entry of Judgment or Other Order) the following information concerning the Post Conviction Relief Act and the procedures under Chapter 9 of the Rules of Criminal Procedure. "Parties" as used in Pa.R.A.P. 2521 shall include the defendant, the defendant's counsel, and the attorney for the Commonwealth for the purposes of this rule.

(1) A petition for post-conviction collateral relief must be filed within one year of the date the judgment becomes final, except as otherwise provided by statute.

(2) As provided in 42 Pa.C.S. § 9545(b)(3), a judgment becomes final at the conclusion of direct review, which includes discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(3) (a) If the defendant fails to file a petition within the one-year time limit, the action may be barred. *See* 42 Pa.C.S. § 9545(b).

(b) Any issues that could have been raised in the post-conviction proceeding, but were not, may be waived. *See* 42 Pa.C.S. § 9544(b).

(4) Pursuant to Rule 904 (Appointment of Counsel; *in Forma Pauperis*), the trial judge will appoint new counsel for the purpose of post-conviction collateral review, unless:

(a) the defendant has elected to proceed *pro se* or waive post-conviction collateral proceedings, and the judge finds, after a colloquy on the record, that the defendant is competent and the defendant's election is knowing, intelligent, and voluntary;

(b) the defendant requests continued representation by original trial counsel or direct appeal counsel, and the judge finds, after a colloquy on the record, that the petitioner's election constitutes a knowing, intelligent, and voluntary waiver of a claim that counsel was ineffective; or

(c) the judge finds, after a colloquy on the record, that the defendant has engaged counsel who has entered, or will promptly enter, an appearance for the collateral review proceedings.

COMMENT:  The 1995 amendments to the Post Conviction Relief Act specifically provide that, "except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases."  *See* 42 Pa.C.S. § 9542.

*See* Rule 909 (Procedures for Petitions in Death Penalty Cases:  Stays of Execution of Sentence; Hearing; Disposition) concerning requests for, and length of, stays of execution in death penalty cases.

**[Under the 1995 amendments to the PCRA, a petition for post-conviction relief, including second and subsequent petitions, must be filed ''within one year of the date the judgment becomes final,'' 42 Pa.C.S. § 9545(b)(1), unless one of the statutory exceptions applies, see 42 Pa.C.S. § 9545(b)(1)(i)—(iii). Any petition invoking one of these exceptions must be filed within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).]** <u>**For time limits for filing a petition for post-conviction relief and any exceptions, see 42 Pa.C.S. § 9545(b).**</u>

*See* Rule 904 for the procedures for the appointment of counsel.

Pursuant to paragraph (B), the Supreme Court's Prothonotary must include with the mailing required by Rule of Appellate Procedure 2521 (Entry of Judgment or Other Order) the information set forth in paragraph (B)(1)-(4).  Rule 2521 requires, *inter alia*, on the date a judgment or order is entered, that the prothonotary is to send to all parties by first class mail a copy of any opinion, or judgment, or order.

NOTE:  Rule 1500 adopted August 11, 1997, effective immediately; *Comment* revised July 23, 1999, effective September 1, 1999; renumbered Rule 900 and amended March 1, 2000, effective April 1, 2001; amended March 26, 2002, effective July 1, 2002 **[.]** <u>**; *Comment* revised October 1, 2019, effective immediately.**</u>

\*      \*      \*      \*      \*      \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the August 11, 1997 adoption of Rule 1500 published with the Court's Order at 27 Pa.B. 4305 (August 23, 1997).*

*Final Report explaining the July 23, 1999 Comment revision concerning stays published with the Court's Order at 29 Pa.B. 4167 (August 7, 1999).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the March 26, 2002 amendments providing for notice in death penalty cases published with the Court's Order at 32 Pa.B.      (      , 2002).*

*Final Report explaining the October 1, 2019 Comment revision concerning time limitation for raising exceptions to filing restrictions published with the Court's Order at 49 Pa.B.      (      , 2019).*

RULE 901.  INITIATION OF POST-CONVICTION COLLATERAL PROCEEDINGS.

(A)  A petition for post-conviction collateral relief shall be filed within one year of the date the judgment becomes final, except as otherwise provided by statute.

(B)  A proceeding for post-conviction collateral relief shall be initiated by filing a petition and 3 copies with the clerk of the court in which the defendant was convicted and sentenced.  The petition shall be verified by the defendant.

> COMMENT:  The rules in Chapter 9 govern proceedings to obtain relief authorized by the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541 *et seq.* (hereinafter PCRA).
>
> By statute, a court may not entertain a request for any form of relief in anticipation of the filing of a petition for post-conviction collateral relief.  *See* 42 Pa.C.S. § 9545(a).  For stays of execution, see 42 Pa.C.S. § 9545(c) and Rule 909(A).
>
> The petition for post-conviction relief under these rules is not intended to be a substitute for or a limitation on the availability of appeal or a post-sentence motion.  *See* Pa.Rs.Crim.P. 720 and 811.  Rather, the Chapter 9 Rules are intended to require that, in a single proceeding, the defendant must raise and the judge must dispose of all grounds for relief available after conviction and exhaustion of the appellate process, either by affirmance or by the failure to take a timely appeal.
>
> Except as provided in Rule 902(E)(2) for death penalty cases, no discovery is permitted at any stage of the proceedings, except upon leave of the court with a showing of exceptional circumstances.  *See* Rule 902(E)(1), which implements 42 Pa.C.S. § 9545(d)(2).
>
> As used in the Chapter 9 Rules, "petition for post-conviction collateral relief" and "petition" are intended to include an amended petition filed pursuant to Rule 905, except where the context indicates otherwise.
>
> **[Under the 1995 amendments to the PCRA, a petition for post-conviction relief, including second and subsequent petitions, must be filed "within one year of the date the judgment becomes final," 42 Pa.C.S. § 9545(b)(1), unless one of the statutory exceptions applies, see 42**

**Pa.C.S. § 9545(b)(1)(i)—(iii). Any petition invoking one of these exceptions must be filed within 60 days of the date the claim could have been presented.** *See* **42 Pa.C.S. § 9545(b)(2).]** <u>For time limits for filing a petition for post-conviction relief and any exceptions, see 42 Pa.C.S. § 9545(b).</u>

The 1995 amendments to the PCRA apply to petitions filed on or after January 16, 1996. A petitioner whose judgment has become final on or before the effective date of the Act is deemed to have filed a timely petition under the Act if the first petition is filed within one year of the effective date of the Act. *See* Section 3 of Act 1995-32 (SS1).

For the purposes of the PCRA, a judgment becomes final at the conclusion of direct review, which includes discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *See* 42 Pa.C.S. § 9545(b)(3).


NOTE: Previous Rule 1501 adopted January 24, 1968, effective August 1, 1968; amended November 25, 1968, effective February 3, 1969; amended February 15, 1974, effective immediately; rescinded December 11, 1981, effective June 27, 1982; rescission vacated June 4, 1982; rescinded November 9, 1984, effective January 2, 1985. Former Rule 1501 adopted November 9, 1984, effective January 2, 1985; rescinded February 1, 1989, effective July 1, 1989, and replaced by present Rule 1502. Present Rule 1501 adopted February 1, 1989, effective July 1, 1989; amended March 22, 1993, effective January 1, 1994; amended August 11, 1997, effective immediately; *Comment* revised July 23, 1999, effective September 1, 1999; renumbered Rule 901 and amended March 1, 2000, effective April 1, 2001; *Comment* revised June 4, 2004, effective November 1, 2004 **[.]** **; *Comment* revised October 1, 2019, effective immediately.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the March 22, 1993 amendments published with the Court's Order at 23 <u>Pa.B.</u> 1699 (April 10, 1993).*

*<u>Final</u> <u>Report</u> explaining the August 11, 1997 amendments published with the Court's Order at 27 <u>Pa.B.</u> 4305 (August 23, 1997).*

*<u>Final</u> <u>Report</u> explaining the July 23, 1999 <u>Comment</u> revision concerning stays published with the Court's Order at 29 <u>Pa.B.</u> 4167 (August 7, 1999).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000.*

*<u>Final Report explaining the October 1, 2019 Comment revision concerning time limitation for raising exceptions to filing restrictions published with the Court's Order at 49 Pa.B.                    (            , 2019).</u>*